**STATE HIGHWAY COMMISSION of Missouri, Plaintiff-Appellant,**

v.

**Opal F. McCULLY and Richard McCully, Defendants-Respondents.**

No. 25534.

Kansas City Court of Appeals, Missouri.

April 5, 1971.

Robert L. Hyder and John H. Gladden, Jefferson City, for plaintiff-appellant.

Somerville, Cleaveland & Macoubrie, Lloyd A. Cleaveland, Chillicothe, for defendants-respondents.

FLOYD L. SPERRY, Special Commissioner.

Plaintiff instituted this suit against defendants Opal F. McCully and Richard McCully, who operated a junkyard located near U. S. Route 65, just north of Chillicothe. Plaintiff sought, by its petition, to have the court issue its order and decree permanently enjoining defendants from further operation of "this junkyard" until defendants shall comply with the provisions of Sections 226.650 to 226.750, R.S.Mo., 1969, V.A.M.S. and particularly with the provisions of Sections 226.670 and 226.680, which require that, before certain specified junkyards may be licensed to carry on a junkyard operation within one thousand feet of the nearest edge of the right-of-way of certain highways, same must be " * * screened * * * so as to render them not visible from the traveled way of the highway involved; * * *." Trial to the court resulted in a judgment denying plaintiff's petition for injunction and dismissing the case. Plaintiff appealed.

Prior to the effective date of the above numbered statutes, there existed Section 229.180 V.A.M.S., which provided that no junkyard shall be "operated within two hundred feet of any * * * road in this state, unless * * * screened from said road."

Section 226.690, R.S.Mo. 1969, V.A.M.S., provides that "Any junkyard *lawfully* in existence on August 4, 1966, which is within one thousand feet of the nearest edge of the right-of-way and visible from the traveled roadway of any highway * * * shall be screened, if feasible, *by the state highway commission* so as to render it not visible from highways." (Emphasis ours.) Provision is also made for the purchase or condemnation of such a junkyard, where screening is not economically feasible or possible.

Defendants had owned and operated this junkyard since 1957. The evidence was to the effect that no complaint was ever made by any one concerning this operation, until some time in 1966.

Plaintiff pleaded, "That the said junkyard was not lawfully in existence on the

effective date of Senate Bill No. 9 (the above sections) * * * in that it was within two hundred feet of the right-of-way of a primary road, U. S. Route 65, and was not screened as required by law and was, therefore, in violation of Section 229.180 R.S.Mo. 1959 (V.A.M.S.)." Defendants, in their answer, specifically denied this allegation. Defendants, in their brief, paragraph C of point I, contend that plaintiff is not entitled to a judgment here because: "There is absolutely no evidence in the transcript indicating that, on August 4, 1966, that respondents' junkyard was not lawfully in existence, thereby requiring appellant to proceed under Section 226.690, R.S.Mo. 1969, V.A.M.S."

Plaintiff's sole witness was its employee, Mr. Crooks, who was authorized to inspect and license junkyards, including the one here involved. There is not one word of testimony or evidence that tends to prove that this junkyard, prior to the effective date of the present law, was located within two hundred feet of Highway 65, although it is not disputed that it was located within one thousand feet of Highway 65 at the date of the trial.

█ Plaintiff admits that defendants are entitled to have the evidence viewed most favorably to them but contend that, since there is no evidence on the question of the location of the junkyard prior to the effective date of the 1965 law, the court could not properly find that the junkyard lawfully existed prior to August 1, 1964. This is a penal statute. Violation of its terms is declared to be a misdemeanor. It must be strictly construed against the state and liberally construed in favor of the accused. State ex rel. State Highway Commission v. Carlton, Mo.App., 453 S.W. 2d 642, 651.

It was held in that case (651) " * * that the *old* proscription of Section 229.180 should be construed as having been applicable to junkyards within two hundred feet *of the traveled way* (not the nearest side of the right-of-way) of any state or county road." It was further held that a penal statute will not be held to include offenses or persons other than those which are *clearly* described and provided for *both within the spirit and letter of the statute,* and if there is a fair doubt as to whether the act charged is embraced within the prohibition, that doubt will be *resolved in favor of the accused.* The court said, (651): *"In the absence of any showing that the junkyard was within two hundred feet of the traveled way of Route 25,* the trial court properly found for defendants on the issue as to whether or not, insofar as that road was concerned, the junkyard was in compliance with Section 229.180 of the former junkyard act and thus was lawfully in existence on August 4, 1966." (Emphasis ours.)

█ That language, used by the learned author of that opinion, is clear. It, in effect, is unequivocally stated that there must be substantial evidence tending to prove that the junkyard was within two hundred feet of the traveled portion of the highway prior to August 4, 1966, else the court is without power to give plaintiff the relief sought. It was incumbent on plaintiff to prove all of the necessary elements of its case in order to establish that defendants were in violation of the penal statute upon which the plaintiff relied. That is basic law.

The judgment is affirmed.

PER CURIAM.

The foregoing opinion by FLOYD L. SPERRY, Special Commissioner, is hereby adopted as the opinion of the Court.

All concur.